PER CURIAM.
Petitioner seeks his release from incarceration and claims he is being detained pursuant to an illegal order reducing the amount of time credited against his sentence. On September 30, 1991, the petitioner’s ni-neyear sentence was reduced to two years by a circuit court order that provided:
THIS 'CAUSE coming before the Court on the joint motion of the Defendant and the State of Florida and the Court being fully advised in the premises,
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Defendant’s sentence be modified from nine (9) years in the Department of Corrections to two (2) years in the Department of corrections to be followed by ten (10) years of probation with all terms and conditions announced previously on March 18, 1991. Furthermore, it is hereby ordered that the Defendant be awarded credit for time served, to date, in the above styled case.
Pursuant to this order, not only was petitioner’s sentence reduced but he was also released from prison upon serving the two-year term. Having jointly stipulated with the State for a sentence reduction and having taken full advantage of that reduction upon his release, petitioner is in no position now to claim the reduction was illegal. Further, since the reduction has not been shown to be illegal, the later order mistakenly giving the petitioner credit for nine years served was obviously a clerical error which was properly corrected when discovered. Accordingly, we deny the petition for habeas corpus.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.